Fremont-Smith, J.
In this action, plaintiffs seek an injunction prohibiting the defendants from continuing their use of and connection to a sewer and a water main which had been previously constructed by the plaintiffs at plaintiffs’ expense. For the reasons stated below, the Court finds for the plaintiffs.
FINDINGS AND RULINGS
In 1988, plaintiffs purchased a parcel of land in Swampscott located on a private way. In order to obtain a building permit to construct their house on said parcel, they were required, at their own expense, to have the town’s sewer and water mains extended for a distance of approximately 125 feet under the private way to a point near their parcel. They also paid to have a fire hydrant installed near the end of the extension.
In 1991, defendant purchased a parcel of land further along the private way. In order to construct a house thereon, defendant was required to extend, at his own cost, the sewer main in the private way an additional 135 feet and the water main an additional 147 feet.
Subsequently, defendant obtained the necessary town permits for the excavation, and had the extension built and connected to the plaintiffs’ sewer and water mains.
Mass. G.L.c. 40, §21, Clause (5) allows a town to make ordinances or by-laws:
(5) For declaring any sewer or drain laid in any land or way, public or private, opened or proposed to be opened for public travel, to be a common sewer, and that it shall not be laid or connected with any existing common sewer except by the board or officers authorized to lay and maintain common sewers. (Emphasis supplied.)
See also Mass. G.L.c. 40, §39A and G.L.c. 83 §22, which permit a town to itself install a water or a sewer main in a private way. Similarly, a privately-built sewer line will become property of the town when it is accepted as a public sewer by action of the governing body of the town. Nor would it appear that a town, by accepting a privately-built sewer, thereby obligates itself to reimburse the prior owners for the cost thereof, so long as the town does not attempt to assess the prior owner for the cost of construction. Mass. G.L.c. 83 §22; Exeter Realty Corp. v. Bedford, 356 Mass. 399, 404 (1969).
The difficulty here, however, is that the town has not, either by ordinance or by other action, declared plaintiffs’ sewer and water mains to be a part of the town’s public sewer and water systems. Plaintiffs cite the regulations of the Division of Water Pollution Control of the Massachusetts Department of Environmental Protection, 314 CMR 7.02, in this regard, which defines a “sewer extension” as follows:
Sewer Extension — the addition to a sewer system of a sewer pipe, together with appurtenant works, which when connected to the sewer system becomes the properly of, and is operated and maintained by, the person owning the sewer system.
This, however, is not an operative provision, but is merely a definition, and it begs the question whether or not plaintiffs’ sewer extension, in these particular circumstances, comprises a “sewer extension” within the meaning of those regulations.
The Court concludes that, until such time as the town may enact an ordinance declaring the sewer and water mains in question to be operated for public use and accommodation, see c. 40 §21(b), or the town otherwise accepts the private sewer and water mains as a part of the public systems, defendant may not legally connect thereto without the plaintiffs' permission.
JUDGMENT
Accordingly, judgment is entered for the plaintiffs and defendant is prohibited and enjoined from connecting to or making use of plaintiffs’ water and sewer mains unless or until they have been provided written permission by the plaintiffs or the town has declared, *421 by ordinance or vote of the town’s governing body, to accept the plaintiffs’ water and sewer mains as a part of the public systems of the town.